**GRONBACH, Plaintiff-Appellee, v. MILLAR, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23076. Decided July 16, 1957.

Sheldon Clark, Sheldon Portman, for plaintiff-appellee.
Merkel, Campbell, Dill & Clarke, for defendant-appellant.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District; GRIFFITH. J, of the Seventh District, sitting by designation in the Eighth District.)

## OPINION

By GRIFFITH, J.

The appeal to this Court is on questions of law and fact, and the case was submitted upon a transcript of the evidence taken in the Court below.

A detailed recital of the facts is unnecessary. Only such facts as are essential to our decision will be included in this opinion.

The plaintiff and the defendant are immediate neighbors, each deriving title to their respective parcels of land from a common owner, Jean G. Brainard. Mrs. Brainard owned a large tract of land and sold 25 acres of the tract to the plaintiff, and 7 acres to the defendant, the deeds to the same having been executed on the same day, to wit, November 11, 1945.

Prior to the execution of these deeds, numerous discussions, conferences, and meetings between the parties to this action, as well as their respective attorneys, regarding roads, property lines, tool house, water pump, etc., had been held.

This action rests upon an easement which was reserved by Mrs. Brainard in her deed to the defendant, Millar, for the benefit of the plaintiff. Plaintiff claims that the defendant has failed to comply with this covenant of easement.

The defendant filed a counter claim raising issues as to alleged torts by the plaintiff unrelated to the road easement involved in this case. The torts alleged cannot be made the basis of a counter claim as they do not grow out of the contract upon which suit has been brought. Evidence of such torts, at most, would be limited to the matter of damages or mitigation of damages.

The following provisions were inserted in the deed from Brainard to the defendant. Millar:

"The grantor reserves to John H. Gronbach, his heirs, successors and assigns, a right of ingress and egress over the roadway extending easterly from Falls Road to the easterly line of the property herein conveyed which is the westerly line of property conveyed this day by the grantor to John H. Gronbach.

"Should the grantee, his heirs, successors and assigns, change the

location of the present roadway, the easement herein above reserved with respect to the present roadway shall be released and discharged upon the condition that the grantee, his heirs, successors and assigns shall grant to the owner of the dominant easement a similar right of ingress and egress over the said new roadway. "The grantee herein furthermore covenants by the acceptance of this deed that the present roadway or any new roadway subject to the aforesaid easement shall be maintained in a good and passable condition by the grantee, his heirs, successors and assigns."

This covenant has proven to be the breeding place for suspicion and discord between these two parties ever since, or even before, it was drafted. It required the defendant to maintain the existing roadway leading in from Falls Road over defendant's 7-acre parcel of land to plaintiff's land or, if defendant changed the location of the roadway, said new roadway was subject to the easement and "shall be maintained in good and passable condition by grantee."

In 1948, the defendant saw fit to change the location of the road and constructed a new roadway, barricaded the old one, and notified plaintiff to use the new way. The old road leading in from Falls Road was over level ground and straight. The new road the defendant constructed was over a steep hill and on a curve.

Plaintiff complains that the new roadway did not, and does not, comply with the terms of the above covenant in that, at times, it is unsafe and impassable due largely to (1) poor surface, (2) steep grade, and (3) sharp curves.

The defendant, Millar, was given the absolute right to relocate the easement over his land. In so doing, however, he was required to provide "a similar right of ingress and egress over the said new roadway, and the new roadway shall be maintained in a good and passable condition."

The question is whether the new roadway complies with the covenant in Millar's deed. This new road leads from the private drive of the plaintiff to the north a distance of about 137 feet from the drive to the plaintiff's barn; it has an overall average grade of 13.6%; it has a drop of 19 feet from the main driveway down to the level of the road in the stable area; at one point it has a maximum of 17% grade, and the unfortunate part of it is that the steepest grade is to be found at the sharpest curve, and at this point also is to be found extremely steep slopes from the roadsides down, the slopes being 1 to 1, when they should be a minimum of 1 to 2, according to good engineering practice

In support of plaintiff's contention, he offered 5 witnesses, while the defendant, in support of his answer and cross-petition, presented 6 witnesses. One of the witnesses called by the plaintiff was his caretaker, Richard Mann. In reference to this new road, he said, "It was kind of steep, and the worst feature was a pretty bad bend as you come to almost the top about two-thirds of the way up."

One of the witnesses called by the defendant was Mr. Bayard T. Wright, a civil engineer of long standing, who made a profile of the new road for the defendant, and said, in reference to the new road, "I would say it is safe with caution."

This Court had a view of the premises, thereby enabling it to better understand the testimony and the numerous exhibits. There is testimony both ways on the question of whether the new roadway is in a good and passable condition. The issue is essentially a factual issue.

A reading of the record leaves no doubt in the minds of this Court as to the action that should be taken. The terms of this easement seem to be clear. Any intelligent man, whether he be lawyer, engineer, business man. or farmer, should know what a good and passable roadway is and should understand the language of the covenant in defendant's deed.

We hold that the new road is not in good and passable condition; that the grade thereof is excessively great, the curve too sharp, and the slope insufficient; that defendant should reconstruct the new road in such a manner that the grade at no point shall exceed 12%; that the curve at no place shall fall short of a radius of 200 feet, and that the slope therefrom shall be at least one foot down to two feet laterally and surfaced or resurfaced in such fashion as to render it a good and passable road, or in the alternative, to open and maintain the old road in accordance with the deed covenant.

Two incidental questions may be touched upon in passing, to wit, damages, as prayed for by each party against the other; we hold that neither is entitled to damages as against the other. There may be a decree for plaintiff in accordance with the findings of this Court. Counsel for plaintiff may prepare an entry in accordance with this conclusion. Motion for a new trial, if filed, will be overruled. Decree for appellee.

HUNSICKER, PJ, DOYLE, J, concur.